463 A.2d 1146

**COMMONWEALTH of Pennsylvania, Appellant,**

**v.**

**Frank SAUNDERS, Surety for James Blackwell.**

Superior Court of Pennsylvania.

Argued May 2, 1983.

Filed July 29, 1983.

Michael J. Ehling, Assistant County Solicitor, Media, for Com., appellant.

Nathaniel C. Nichols, Chester, for appellee.

Before CERCONE, President Judge, and McEWEN and HOFFMAN, JJ.

McEWEN, Judge:

This appeal has been taken from the denial of the right of the County of Delaware to attach or withhold a portion of the salary of an employee of the County when the County has obtained a judgment against the employee as a result of a transaction that did not arise from the employer-employee relationship.

Appellee was not an employee of the County of Delaware when, in July 1977, he signed as surety on an appearance bail bond on behalf of a defendant in a criminal case. When the defendant failed to appear, a bench warrant was issued for the arrest of the defendant and the bail bond upon

which appellee was surety was forfeited. Appellee subsequently became an employee of the County of Delaware.

The County entered a confession of judgment against appellee for the amount for which he had been surety on the bail bond, namely, two thousand five hundred dollars ($2,500.00), initiated execution proceedings and attached thereunder the regular pay check that appellee received from the County in the amount of fifty dollars ($50.00) per check. Appellee sued to halt the attachment and the Common Pleas Court directed the County of Delaware to halt the attachment and to return to appellee such sums as had been withheld under the attachment. We affirm.

Appellant in its able brief quite candidly acknowledges that it asserts a minority position and concedes that the prevailing view of the majority holds that a plea in setoff or counterclaim cannot be advanced as a defense in an action to recover exempt property. Appellant relies, however, upon a careful analysis of the Wage Payment and Collection Law, 43 P.S. § 260.1 *et seq.*, to urge that we provide for Pennsylvania to join the ranks of the minority view described in 20 Am.Jur.2d *Counterclaim, Recoupment and Setoff,* § 33 (1965):

> In some states the right of setoff is not subordinate to the right of exemption from execution, and a defendant may interpose as a counterclaim or setoff a debt owing to him by the claimant in an action to recover exempt property. The reason assigned for this view is that exemption statutes provide for exemption from levy and sale only, and in no wise affect the rights of parties litigant.

Appellant would further seek to persuade that the remedy it here advocates is even a benevolent procedure:

> In summary, then, the Appellant, County Of Delaware, in an effort to collect upon a debt owed to it by one of its employees, Appellee, Frank Saunders, exercised, in a reasonable manner and amount, rights of self-help conferred upon it and specifically acknowledged by the Wage Payment and Collection Law. Indeed, however painful

these pay-check deductions may have been to the Appellee, they were far less intrusive that other actions available, such as executions on household goods and furnishings or even the threat of discharge.

We cannot accept the argument of appellant. Few principles are so widely and correctly understood as the fundamental tenet that wages are exempt from attachment. "Generally, in an action the subject of which is exempt property, a defendant [here, the County] will not be permitted to defeat the exemption by setting up a counterclaim or setoff, although there may be no express statutory provision protecting exempt property from the right of counterclaim or setoff." 20 Am.Jur.2d *Counterclaim, Recoupment and Setoff,* § 33 (1965). "[T]he common-law rule is that the compensation of public officers or employees cannot be subjected to the demands of their creditors through the process of attachment or garnishment; and this rule is deemed to apply even in the absence of an express constitutional or statutory provision exempting such compensation." 6 Am.Jur.2d *Attachment and Garnishment,* § 180 (1963).

In Pennsylvania, the applicable statute, originally enacted in 1845 [1], states:

The wages, salaries, and commissions of individuals shall, while in the hands of the employer, be exempt from any attachment, execution or other process except upon an action of proceeding for support or for board for four weeks or less. Act of July 9, 1976, P.L. 586, No. 142, § 2, as amended, Act of April 28, 1978, P.L. 202, No. 53, § 10(95), 42 Pa.C.S.A. § 8127(a).

We are of the view that this quite clear, specific statutory declaration that wages shall be exempt from attachment and execution precludes judicial enlistment in the ranks of the minority view. Appellant asserts that "[e]xercise of a right of setoff or counterclaim is, quite simply, not the same thing as 'attachment, execution or other process' ". Such a claim would sacrifice substance to exalt form. Rather, we

---

**1.** Act of April 15, 1845, P.L. 459, § 5, 42 P.S. § 886.

share the view of the distinguished Judge Louis A. Bloom who opined:

> It is clear that the Commonwealth, after receiving a judgment against the petitioner, decided to help themselves to his pay check.

> Clearly, this act is improper. While we do not declare the Commonwealth's actions to have been exercised in bad faith, clearly they were improper. As early as 1853, our Supreme Court realized the importance of not allowing a man's wages to be attached.[2]

Order affirmed.

---

**2.** *See Park v. Matthews,* 36 Pa. 28, 2 Grant 136 (1853).